UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| WALTER J. DYER, Personal Representative of the Estate of JENNIFER M. DYER,<br>　　　　Plaintiff<br><br>v.<br><br>PENOBSCOT COUNTY, PENOBSCOT COUNTY SHERIFF'S OFFICE, PENOBSCOT COUNTY JAIL, NICHOLAS MITTON, TROY MORTON, LOUIS ST. PIERRE, JASON RAYMOND, and CHRISTOPHER WILSON,<br>　　　　Defendants | Docket No. |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME Defendants, through counsel, and hereby answer and affirmatively defend Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

A.  Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

B.  These Defendants, in their individual capacities, are entitled to qualified immunity on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

C.  Defendants, in their official capacities, are immune from any claims brought under the Maine Tort Claims Act.

D.  Defendants, in their individual capacities, are entitled to immunity from any claims brought under the Maine Tort Claims Act pursuant to the provisions of 14 M.R.S. § 8111.

E. Any damages sustained by Plaintiff were caused by the acts and/or omissions of an individual and/or entity other than these Defendants.

F. Plaintiff's damages, if any, were directly and proximately caused by a legally sufficient superseding/intervening cause.

G. Plaintiff has failed to mitigate their damages as required by law.

H. Plaintiff's Complaint is barred because Jennifer Dyer was negligent in an amount equal to or greater than any negligence of these Defendants, and Plaintiff's damages must be reduced by an amount commensurate with Jennifer Dyer's own negligence.

I. Plaintiff's Complaint is barred for failure to comply with conditions precedent to the maintenance of this lawsuit, including, without limitation, the notice requirements of 14 M.R.S. § 8107.

J. The Penobscot County Sheriff's Office and Penobscot County Jail are not entities that can be sued.

## ANSWER

1. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore deny same.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore deny same.

4-5.    Defendants admit the allegations contained in these paragraphs of Plaintiff's Complaint.

6.    Defendants admit that Defendant Mitton was employed as a corrections officer at the Penobscot County Jail.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore deny same.

7.    Defendants admit that Defendant Morton is the Penobscot County Sheriff. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore deny same.

8.    Defendants admit that Defendant Raymond was employed as a corrections officer at the Penobscot County Jail.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore deny same.

9.    Defendants admit that Defendant St. Pierre was employed as a corrections officer at the Penobscot County Jail.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore deny same.

10.    Defendants admit that Defendant Wilson was employed as a corrections officer at the Penobscot County Jail.  Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore deny same.

11. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore deny same.

12. Defendants admit the first sentence of this paragraph. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny same.

13-14. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiff's Complaint and therefore deny same.

15. Defendants deny the allegations as they relate to correctional staff at the Penobscot County Jail. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

16. Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore deny same.

18-19. Defendants admit the allegations contained in these paragraphs of Plaintiff's Complaint.

20. Defendants admit that at or about 4:28 a.m. on June 3, 2018, Jennifer Dyer communicated with Defendant St. Pierre, stating that she wanted to see a nurse again. Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the

remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

21-22.   Defendants admit the allegations contained in these paragraphs of Plaintiff's Complaint.

23-24.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

25.   Defendants admit that at or about 4:44 a.m. on June 3, 2018, Jennifer Dyer was found facedown on the floor in her jail cell.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

26-27.   Defendants admit the allegations contained in these paragraphs of Plaintiff's Complaint.

28-31.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**Negligence**
**(Penobscot County, PCSO, PCJ, Defendants Mitton, St. Pierre, Raymond, Wilson)**

32.   Defendants repeat and reassert their responses to Paragraphs 1 through and including 31 of Plaintiff's Complaint as if fully set forth herein.

33.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

34-36.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### Negligent Supervision
**(Penobscot County, PCSO, PCJ, Defendant Morton)**

37.   Defendants repeat and reassert their responses to Paragraphs 1 through and including 36 of Plaintiff's Complaint as if fully set forth herein.

38-39.   Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this these paragraphs of Plaintiff's Complaint and therefore deny same.

40-44.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION
### Violation of 42 U.S.C. § 1983
**(Defendants Mitton, St. Pierre, Raymond, Wilson)**

45.   Defendants repeat and reassert their responses to Paragraphs 1 through and including 44 of Plaintiff's Complaint as if fully set forth herein.

46-48.   Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
### Violation of 5 M.R.S. § 4682
**(Defendants Mitton, St. Pierre, Raymond, Wilson)**

49.   Defendants repeat and reassert their responses to Paragraphs 1 through and including 48 of Plaintiff's Complaint as if fully set forth herein.

50-52. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

### FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Penobscot County, PCSO, PCJ, Defendant Morton)

53. Defendants repeat and reassert their responses to Paragraphs 1 through and including 52 of Plaintiff's Complaint as if fully set forth herein.

54-56. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

### SIXTH CAUSE OF ACTION
### 5 M.R.S. § 4682
### (Penobscot County, PCSO, PCJ, Defendant Morton)

57. Defendants repeat and reassert their responses to Paragraphs 1 through and including 56 of Plaintiff's Complaint as if fully set forth herein.

58-60. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

### SEVENTH CAUSE OF ACTION
### 5 M.R.S. § 4682
### (Defendants Mitton, St. Pierre, Raymond, Wilson)

61. Defendants repeat and reassert their responses to Paragraphs 1 through and including 59 of Plaintiff's Complaint as if fully set forth herein.

62. No response is required of these Defendants to the statement contained in Paragraph 62 of Plaintiff's Complaint.

63-65. Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

WHEREFORE, Defendants pray for judgment in their favor on all counts of Plaintiff's Complaint, plus interest and costs.

Dated:   June 23, 2020    /s/   Peter T. Marchesi
Peter T. Marchesi, Esq.

　　　　　　　　　　　　　　　　　　　　 /s/   Cassandra S. Shaffer
Cassandra S. Shaffer, Esq.
Wheeler & Arey, P.A.
Attorneys for Defendants
27 Temple Street
Waterville, ME   04901

UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| WALTER J. DYER, Personal Representative of the Estate of JENNIFER M. DYER,<br>Plaintiff<br><br>v.<br><br>PENOBSCOT COUNTY, PENOBSCOT COUNTY SHERIFF'S OFFICE, PENOBSCOT COUNTY JAIL, NICHOLAS MITTON, TROY MORTON, LOUIS ST. PIERRE, JASON RAYMOND, and CHRISTOPHER WILSON,<br>Defendants | Docket No. |

## CERTIFICATE OF SERVICE

I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

- Answer and Affirmative Defenses of Defendants

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Jodi L. Nofsinger Esq.        *NofsingerService@bermansimmons.com*
Adam J. Arguelles, Esq.       *ArguellesService@bermansimmons.com*

Dated:   June 23, 2020                    /s/   Peter T. Marchesi
                                          Peter T. Marchesi, Esq.
                                          Wheeler & Arey, P.A.
                                          Attorneys for Defendants
                                          27 Temple Street
                                          Waterville, ME   04901

9