UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WALTER J. DYER, </br>Personal Representative of the Estate of </br>Jennifer M. Dyer, </br></br>    Plaintiff </br></br>v. </br></br>PENOBSCOT COUNTY, et al., </br></br>    Defendants | ) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>)   No. 1:20-cv-00224-NT |

*MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO STAY*

The defendants in this suit asserting federal and state-law claims arising out of the death of the plaintiff's daughter, Jennifer M. Dyer, while she was in custody at the Penobscot County Jail move to stay this case pending resolution of an ongoing medical malpractice screening process in state court. *See generally* [Defendants'] Motion to Stay ("Motion") (ECF No. 9); [Plaintiff's] Complaint ("Complaint") (ECF No. 3-1), attached to Affidavit of Peter T. Marchesi, Esq. (ECF No. 3). I conclude that the potential prejudice to the plaintiff of a prudential stay is outweighed by the potential hardship to the defendants without one and that a stay is in the interest of judicial economy. Accordingly, I grant the defendants' motion to stay and deem their pending objection to the proposed scheduling order, ECF No. 11, which sought a temporary stay of discovery until this court ruled on the instant motion, moot.

**I. Applicable Legal Standards**

This court "has broad discretion to stay proceedings[,]" *Clinton v. Jones*, 520 U.S. 681, 706 (1997), incident to its "inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[,]'" *City of Bangor v.*

1

*Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to stay proceedings, this court generally weighs "three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). The pendency of a related proceeding in another tribunal is a "typical reason" for a stay of proceedings. *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995).

## II. Factual Background

On March 3, 2020, the plaintiff filed a notice of claim in state court pursuant to the Maine Health Security Act (MHSA), 24 M.R.S.A. §§ 2501-2988 (Westlaw through 2019 2d Reg. Sess.), which mandates that a pre-litigation screening panel evaluate the merits of any claims of professional negligence against medical providers, *see id.* §§ 2851-2859, 2903(1); *D.S. v. Spurwink Servs., Inc.*, 2013 ME 31, ¶ 18, 65 A.3d 1196, 1200. *See* Exh. 1 (ECF No. 10-1) to Motion. The plaintiff's notice of claim named as defendants Penobscot County, the Penobscot County Sheriff's Office, the Penobscot County Jail (together, the "Penobscot County defendants"), and two companies that provide medical services to inmates at the Penobscot County Jail. *See id.* at 1-2. The Penobscot County defendants filed a motion to be dismissed from the screening procedure, arguing that the MHSA does not apply to the allegations against them because they are neither health care practitioners nor health care providers as those terms are defined in the MHSA. *See* Exh. 2 (ECF No. 10-2) to Motion at 1-2; 24 M.R.S.A. § 2502(1-A), (2), (6) (Westlaw). The plaintiff opposed the motion, arguing that Penobscot County Jail fits the MHSA definition of a healthcare provider and that all three Penobscot County defendants are vicariously liable for acts of their agents. *See* Exh. 3 (ECF No. 10-3) to Motion at 5-8.

On May 22, 2020, the plaintiff filed an amended notice of claim in state court that, among other things, added Penobscot County Jail Corrections Officers Nicholas Mitton, Louis St. Pierre, Jason Raymond, and Christopher Wilson as defendants. *See* Exh. 4 (ECF No. 10-4) to Motion at 1-3. The defendant officers filed a motion to dismiss, arguing, like the Penobscot County defendants, that the MHSA does not apply to them. *See* Exh. 5 (ECF No. 10-5) to Motion at 1-3. The plaintiff opposed that motion as well, asserting that his claims against the defendant officers were subject to the procedural requirements of the MHSA because the defendant officers are employees of a health care provider. *See* Exh. 6 (ECF No. 10-6) to Motion at 5-7; 24 M.R.S.A. § 2502(6) (Westlaw). The defendants' motions were thereafter referred by the pre-litigation screening panel to the Maine Superior Court (Penobscot County), where they remain pending. *See* Exhs. 9-10 (ECF Nos. 9-1 to 9-2) to Motion.

On May 29, 2020, the plaintiff filed a seven-count complaint in state court against the above-referenced Penobscot County defendants and defendant officers, as well as Troy Morton in his official capacity as Penobscot County Sheriff. *See* Complaint at 1-3. Count I alleges that the Penobscot County defendants and the defendant officers are liable for the tort of negligence. *See id.* at 8-9. Count II alleges that the Penobscot County defendants and Morton are liable for the tort of negligent supervision. *See id.* at 9-11. Counts III and IV allege that the defendant officers are liable pursuant to 42 U.S.C. § 1983 and 5 M.R.S.A. § 4682 (Westlaw through 2019 2d Reg. Sess.) for violations of Jennifer Dyer's constitutional rights. *See id.* at 11-13. Counts V and VI allege supervisory liability against the Penobscot County defendants and Morton pursuant to 42 U.S.C. § 1983 and 5 M.R.S.A. § 4682 (Westlaw). *See id.* at 13-15. Finally, Count VII alleges that the defendant officers denied Jennifer Dyer adequate medical care in violation of 30-A M.R.S.A. § 1561 (Westlaw through 2019 2d Reg. Sess.). *See id.* at 15-16. The defendants removed the case

to this court on June 23, 2020, *see* Notice of Removal (ECF No. 1) at 1, and filed the instant motion on July 16, 2020, *see* Motion at 1.  Oral argument was held on the defendants' motion on August 26, 2020.

### III.  Discussion

The defendants contend that this case should be stayed in its entirety pending resolution of the MHSA pre-litigation screening process.  *See* Motion at 1-3.  They argue that the plaintiff's negligence claims "are identical to the claims in [his] notice of claim pending in state court" and point out that he has taken the position that "tort claims related to the failure to treat Jennifer Dyer must go through the prelitigation screening panel[.]" *Id.* at 3.  Although the defendants disagree with the plaintiff's position regarding the applicability of the MHSA, they maintain that if he is correct, he is barred from pursuing his tort claims against them until the pre-litigation screening process is complete.  *See id*. at 3-4.  They assert that it would be inefficient and prejudicial to proceed with this matter until the state court resolves the issue.  *See id.* at 4-5.

The plaintiff responds that this case is independent of the state court proceeding because neither the parties nor the tort claims are identical.[1]  *See* Plaintiff's Opposition to Motion to Stay ("Opposition") (ECF No. 14) at 1-3.  Although he takes no firm position as to the potentially preclusive effect of the MHSA on his tort claims in this court, *see id*. at 2-3, the plaintiff argues that a stay is unwarranted because "[t]his case will need to be litigated irrespective of the results" of the pre-litigation screening process, *id.* at 7.  He also contends that he will be prejudiced by an

---

[1]  To the extent that the plaintiff argues that his claims should not be stayed because defendant Troy Morton is not named in the state court proceeding, *see* Opposition at 2, I am unpersuaded.  Morton is named here in his official capacity as Penobscot County Sheriff.  *See* Complaint ¶ 7.  Penobscot County and the Penobscot County Sheriff's Office are named defendants in the state court proceedings, s*ee* Exh. 4 (ECF No. 10-4) to Motion at 1, and it is well-established that "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent" and should "be treated as a suit against the entity[,]" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citation and internal quotation marks omitted).  Thus, practically speaking, all the defendants in this matter are involved in the state court proceedings.

indefinite stay because, as the defendants concede, the timeframe for the pre-litigation screening process is unknown, especially in light of the COVID-19 pandemic, delaying any monetary recovery and posing an appreciable risk that witnesses' memories will dim. *See id.* at 5.

Because the parties' arguments relate to the MHSA, it is necessary to provide a brief overview of that statutory scheme. "[T]he MHSA mandates that before a plaintiff may file suit against a medical provider sounding in tort, the plaintiff must first present the claim to a duly authorized pre-litigation screening panel and receive a decision." *Kidder v. Richmond Area Health Ctr., Inc.*, 595 F. Supp. 2d 139, 142-43 (D. Me. 2009); *see also* 24 M.R.S.A. §§ 2853(1), 2903(1) (Westlaw). A plaintiff is "barred from pursuing [his or her] claims in court" until the screening process is complete, unless the parties agree to bypass the process and "proceed directly with a lawsuit." *Powers v. Planned Parenthood of N. New England*, 677 A.2d 534, 537-38 (1996); *see also* 24 M.R.S.A. §§ 2853(5), 2903(1) (Westlaw).

The MHSA's mandatory screening process applies only to actions for professional negligence. *See Henderson v. Laser Spine Inst., LLC*, 815 F. Supp. 2d 353, 381 (D. Me. 2011). An "action for professional negligence" is defined by the MHSA as "any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner, his [or her] agents or employees, whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services." 24 M.R.S.A. § 2502(6) (Westlaw). The Law Court has interpreted this provision of the MHSA broadly, noting that it "reflects the [Maine] Legislature's intent that the MHSA occupy the field with regard to actions against health care providers or practitioners." *D.S.*, 2013 ME 31, ¶ 19, 65 A.3d at 1200 (citation and internal quotation marks omitted).

Under this broad definition, the plaintiff's state negligence claims (Counts I and II) against the defendants for their alleged failure to provide and/or facilitate necessary medical care to Jennifer Dyer, *see* Complaint ¶¶ 34, 38, clearly would be governed by the MHSA if – as the plaintiff ardently contends in state court – the defendants are medical providers.[2] The plaintiff does not directly contest this fact; he instead argues that a stay is unnecessary because it is unclear whether the Superior Court will rule that the defendants are medical providers and, regardless, the pre-litigation screening panel's findings "would not have any direct bearing on" this case. Opposition at 2-3, 7-8.

Contrary to the plaintiff's position that the potential applicability of the MHSA is immaterial to these proceedings, this court has consistently held that a plaintiff may not proceed with state negligence claims against medical providers unless he or she has complied with the requirements of the MHSA. For example, in *Hewett v. Inland Hosp.*, 39 F. Supp. 2d 84 (D. Me. 1999), this court dismissed a plaintiff's state negligence claims against a hospital and a doctor after concluding that it was "precluded from hearing" the claims because the plaintiff had not submitted them "to a pre-litigation screening panel as required by" the MHSA. *Hewitt*, 39 F. Supp. 2d at 85-88. Similarly, in *Kidder v. Richmond Area Health Ctr., Inc.*, 595 F Supp. 2d 139 (D. Me. 2009), this court dismissed a plaintiff's state law claims against various medical providers because the pre-litigation screening panel had not yet "completed its work[,]" and a civil action under state law was therefore "premature." *Kidder*, 595 F. Supp. 2d at 142-43. In *Henderson*, this court concluded that the plaintiff had "failed to comply with the mandatory provisions of the MHSA" in bringing his claims against a medical provider, but stayed the action rather than dismissing those

---

[2] The defendants do not argue that the plaintiff's other claims would be subject to the MHSA if the Superior Court determines that the defendants are medical providers. *See generally* Motion. I need not reach the issue because, as discussed *infra*, I conclude that the plaintiff's other claims should be stayed regardless.

claims to allow the plaintiff "to complete the mandatory pre-litigation screening under the MHSA." *Henderson*, 815 F. Supp. 2d at 383.

Although, unlike in this case, there was no dispute that the defendants in the above-referenced cases were medical providers, those cases make clear that the question of whether the defendants are medical providers, which would place the plaintiff's tort claims within the ambit of the MHSA, must be resolved before the plaintiff can proceed with those claims. Given that there are ongoing proceedings in state court to determine the answer to this very question, potentially entailing duplicative discovery were those claims to proceed in this forum, the interests of judicial efficiency and comity counsel against moving forward on them in this court. *See Klane ex rel. Klane v. Mayhew*, Civil no. 1:12-cv-00203-NT, 2013 WL 1245677, at *6 (D. Me. Mar. 26, 2013); *cf. Darling's v. Chrsyler Grp., LLC*, 57 F. Supp. 3d 68, 81 (D. Me. 2014). Furthermore, it would be inequitable to allow the plaintiff to proceed with his state tort claims against the defendants in contravention of the position he has taken in state court.

Judicial economy also weighs in favor of staying the plaintiff's remaining claims not subject to the MHSA. To proceed with some but not all of the plaintiff's claims when they arise from the same nucleus of alleged facts would be inefficient for the court and the parties. Indeed, if the plaintiff were permitted to proceed with his remaining claims, there is a possibility that discovery regarding those claims would close before the conclusion of the state court proceedings, which would – as the defendants point out – then require this case to "be stayed at later date for additional discovery and dispositive motions." Motion at 4-5. This inefficiency would work a hardship upon the defendants.

As for prejudice to the plaintiff, it is true that staying the plaintiff's claims until the MHSA issues are resolved could result in a substantial delay, depending on the course of the state court

proceedings. Nevertheless, the plaintiff's claims are not particularly stale, and it is he who is pressing the pre-litigation screening process.[3] The defendants, notwithstanding their position that the claims against them are not subject to the MHSA, are willing to agree to bypass the pre-litigation screening process. *See* Motion at 5 & n.3; Defendants' Reply in Support of Motion to Stay (ECF No. 16) at 4. Accordingly, if the plaintiff is concerned that the pre-litigation screening process will deprive him of his day in court for too long, he could accept the defendant's offer to bypass it altogether. *See* 24 M.R.S.A. § 2853(5) (Westlaw) ("The pretrial screening may be bypassed if all parties agree upon a resolution of the claim by lawsuit.").

Weighing these factors – the potential prejudice to the plaintiff of granting the stay versus the hardship to the defendants of denying it, as well as the interests of judicial economy – I conclude that a prudential stay of the plaintiff's claims is appropriate in the circumstances of this case. In reaching this conclusion, I am mindful of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). To be clear, this court is not surrendering jurisdiction of the plaintiff's suit to the state court pursuant to *Colorado River* or any other abstention doctrine but is instead merely "allowing [the] state court to be the first to rule on a common issue" in the interest of economy and efficiency. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983) (noting that the sole purpose of a stay under *Colorado River* "is precisely to surrender jurisdiction of a federal suit to a state court" by requiring "all or an essential part of the federal suit to be litigated in a state forum"); *Klane*, 2013 WL 1245677, at *5-6

---

[3] The plaintiff cites this court's decision in *Murray v. Wal-Mart Stores, Inc.*, No. 2:15-cv-00484-DBH, 2018 WL 4087997 (D. Me. Aug. 24, 2018), to support his position that his claims, which are based on events that happened a little over two years ago, should not be stayed because the "passage of time" poses "an appreciable risk that witness' memories have dimmed and evidence might otherwise become stale or even lost." Opposition at 5-6 (quoting *Murray*, 2018 WL 4087997, at *2). However, the court in *Murray* noted that it had been eight years since some of the alleged events had occurred. *See Murray*, 2018 WL 4087997, at *2.

(concluding that a stay under *Colorado River* would be "inappropriate" but nevertheless granting a stay "pending the outcome of the state court's review" in the "interests of economy and efficiency for the parties and the Court").  This court will proceed on the merits of the plaintiff's claims when either (i) the Superior Court determines that the defendants are not medical providers subject to the MHSA, or (ii) the Superior Court determines that the defendants are medical providers subject to the MHSA, and all of the MHSA's pre-litigation requirements have been satisfied.

### IV.  Conclusion

For the reasons stated above, I **GRANT** the defendants' motion to stay, **ORDER** the parties to notify this court promptly of any decision in the state court proceedings, and **DEEM** the defendants' pending objection to the proposed scheduling order, ECF No. 11, **MOOT**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of September, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge